EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF LONG BEACH, and DOES
1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HIT AND MISS, ENTERPRISES, INC., a
California corporation

RECEIVED
CITY CLERK
LONG BEACH, CA
18 OCT 31 AM 9:36

**CONFORMED COPY**
~~ORIGINAL FILED~~
Superior Court of California
County of Los Angeles

OCT 23 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By: Judi Lara, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**CASE NUMBER:** *(Número del Caso)* **BSTCV02024**

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
George M. Wallace - Bar No. 101472, WALLACE BROWN & SCHWARTZ,
215 North Marengo Ave., 3rd Floor, Pasadena, California 91101
(626) 844-6777

DATE: OCT 23 2018   SHERRI R. CARTER Clerk, by   Judi Lara   , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CITY OF LONG BEACH
   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CCP § 416.50 (Public Entity)

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB | Essential
ceb.com | Forms

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

George M. Wallace -- Cal. Bar No. 101472
WALLACE, BROWN & SCHWARTZ
215 North Marengo Avenue
Third Floor
Pasadena, California 91101-1504
(626) 844-6777; Fax (626) 795-0353

Attorney for Plaintiff HIT & MISS, ENTERPRISES,
INC., a California corporation

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 23 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By: Judi Lara, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| HIT & MISS, ENTERPRISES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LONG BEACH, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 18STCV02024<br><br>COMPLAINT FOR DAMAGES, INJUNCTION, AND DECLARATORY RELIEF |

Comes now Plaintiff HIT & MISS, ENTERPRISES, INC., a California corporation, and for claims against defendants, and each of them, alleges as follows:

Complaint - 1

*Introductory and General Allegations*

1. Plaintiff HIT & MISS, ENTERPRISES, INC. (referred to in this Complaint as "Plaintiff" or "Hit & Miss"), is a corporation organized and existing, in good standing, under the laws of the State of California, with its principal place of business in the County of Los Angeles. As described below, plaintiff has undertaken to exercise his rights of free speech under the First Amendment of the United States Constitution and under the Constitution of the State of California, and to engage in other lawful activity, within the City of Long Beach, and has been subjected to unlawful interference with its constitutional and civil rights by the actions, policies, and practices of the City of Long Beach.

2. Defendant CITY OF LONG BEACH (referred to in this Complaint as "Long Beach" or "the City") is a municipality chartered and existing under the laws of the State of California and is a political subdivision of the State of California located within the County of Los Angeles.

3. The true names and identities of defendants DOEs 1 through 10, inclusive, are unknown to plaintiff, which therefore sues them under those fictitious names. Plaintiff is informed and believes that each fictitiously named defendant is in some manner jointly or severally legally liable with the named defendant as to the causes of action alleged in this Complaint. Plaintiff will amend this Complaint to allege the true names and capacities of the fictitiously named defendants if and when such become known to plaintiff.

4. At all relevant times, plaintiff Hit & Miss was and is the owner of a quantity of utility trailers. The trailers are non-motorized vehicles, constructed and sold by their manufacturer to Hit & Miss, and to other businesses, to be hitched to motor vehicles for use in transporting property and equipment. Each of

the utility trailers was and is registered with the California Department of Motor Vehicles, and each bears a vehicle license and Vehicle Identification Number [VIN].

5. Hit & Miss has utilized, and continues to utilize, utility trailers for the primary purpose of storing and transporting property and materials used in its business, including cleaning supplies and related equipment. The trailers also bear messages, signage, and advertising painted or otherwise affixed their exteriors. When the trailers are not in active use in moving and storing the plaintiff's equipment and supplies, Hit & Miss parks the trailers, sometimes attached to a motor vehicle and sometimes not, on public streets, including locations in the City of Long Beach. The trailers, when they are parked, are parked in locations where parking is legal, at times and on days when parking is legal, and in compliance with applicable statutes and ordinances limiting the durations for which vehicles may be parked.

6. Beginning in 2010, the State of California has enacted a series of statutes and amendments thereto purporting to regulate a class of vehicle designated as "mobile billboard advertising displays" and, in particular, granting to municipalities such as the City of Long Beach the authority to adopt and enforce local ordinances permitting the seizure and impound of a vehicle that is determined to be a "mobile billboard advertising display." That term is defined in Vehicle Code §395.5, which provides as follows:

> A 'mobile billboard advertising display' means an advertising display that is attached to a mobile, nonmotorized vehicle, device, or bicycle, that carries, pulls, or transports a sign or billboard, and is for the primary purpose of advertising.

7. The authority of a municipality such as the City of Long Beach to adopt ordinances concerning "mobile billboard advertising displays" is codified in Vehicle Code §21100, subdivision (m), the relevant portions of which provide as follows:

> Local authorities may adopt rules and regulations by ordinance or resolution regarding ... the following matters:
>
> * * *
>
> (m) Regulating mobile billboard advertising displays, as defined in Section 395.5, including the establishment of penalties, which may include, but are not limited to, removal of the mobile billboard advertising display, civil penalties, and misdemeanor criminal penalties, for a violation of the ordinance or resolution. The ordinance or resolution may establish a minimum distance that a mobile billboard advertising display shall be moved after a specified time period.

8. A municipality, acting through a peace officer or other traffic enforcement authority, can only remove or impound a vehicle as expressly authorized by the Vehicle Code. That limitation is codified in Vehicle Code §22650, which provides, in relevant part, as follows:

> It is unlawful for any peace officer or any unauthorized person to remove any unattended vehicle from a highway to a garage or to any other place, except as provided in this code.
>
> (a) Those law enforcement and other agencies identified in this chapter as having the authority to remove vehicles shall also have the authority to provide hearings in compliance with the

Complaint - 4

provisions of Section 22852. During these hearings the storing agency shall have the burden of establishing the authority for, and the validity of, the removal.

9. The conditions under which a "mobile billboard advertising display" may be removed by a municipal authority such as the City of Long Beach are codified in Vehicle Code §22651, subdivision (v), the relevant portions of which provide as follows:

> A peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, or a regularly employed and salaried employee, who is engaged in directing traffic or enforcing parking laws and regulations, of a city, county, or jurisdiction of a state agency in which a vehicle is located, may remove a vehicle located within the territorial limits in which the officer or employee may act, under the following circumstances:
>
> * * *
>
> (v)(1) When a vehicle is a mobile billboard advertising display, as defined in Section 395.5, and is parked or left standing in violation of a local resolution or ordinance adopted pursuant to subdivision (m) of Section 21100, if the registered owner of the vehicle was previously issued a warning citation for the same offense, pursuant to paragraph (2).
>
> (2) Notwithstanding subdivision (a) of Section 22507, a city or county, in lieu of posting signs noticing a local ordinance prohibiting mobile billboard advertising displays adopted pursuant to subdivision (m) of Section 21100, may provide notice by issuing a

warning citation advising the registered owner of the vehicle that he or she may be subject to penalties upon a subsequent violation of the ordinance, that may include the removal of the vehicle as provided in paragraph (1). A city or county is not required to provide further notice for a subsequent violation prior to the enforcement of penalties for a violation of the ordinance.

10. When a vehicle has been removed or impounded by a municipal authority, such as the City of Long Beach, that authority is required by law to provide a post-impound hearing to the vehicle owner at which the municipality bears the burden "of establishing the authority for, and the validity of, the removal", pursuant to Vehicle Code §22650, subdivision (a). The right to a post-impound hearing, and the procedures to be followed in such hearings, are specified in Vehicle Code §22852, which provides as follows:

(a) Whenever an authorized member of a public agency directs the storage of a vehicle, as permitted by this chapter, or upon the storage of a vehicle as permitted under this section (except as provided in subdivision (f) or (g)), the agency or person directing the storage shall provide the vehicle's registered and legal owners of record, or their agents, with the opportunity for a poststorage hearing to determine the validity of the storage.

(b) A notice of the storage shall be mailed or personally delivered to the registered and legal owners within 48 hours, excluding weekends and holidays, and shall include all of the following information:

(1) The name, address, and telephone number of the agency providing the notice.

(2) The location of the place of storage and description of the vehicle, which shall include, if available, the name or make, the manufacturer, the license plate number, and the mileage.

(3) The authority and purpose for the removal of the vehicle.

(4) A statement that, in order to receive their poststorage hearing, the owners, or their agents, shall request the hearing in person, writing, or by telephone within 10 days of the date appearing on the notice.

(c) The poststorage hearing shall be conducted within 48 hours of the request, excluding weekends and holidays. The public agency may authorize its own officer or employee to conduct the hearing if the hearing officer is not the same person who directed the storage of the vehicle.

(d) Failure of either the registered or legal owner, or his or her agent, to request or to attend a scheduled hearing shall satisfy the poststorage hearing requirement.

(e) The agency employing the person who directed the storage shall be responsible for the costs incurred for towing and storage if it is determined in the poststorage hearing that reasonable grounds for the storage are not established.

(f) This section does not apply to vehicles abated under the Abandoned Vehicle Abatement Program pursuant to Sections 22660

to 22668, inclusive, and Section 22710, or to vehicles impounded for investigation pursuant to Section 22655, or to vehicles removed from private property pursuant to Section 22658.

(g) This section does not apply to abandoned vehicles removed pursuant to Section 22669 that are determined by the public agency to have an estimated value of five hundred dollars ($500) or less.

11. The City of Long Beach has adopted an ordinance, Long Beach Municipal Code §10.18.050, purporting to regulate "mobile billboard advertising." That ordinance provides as follows:

A. Purpose. The purpose of this Section is to eliminate billboard advertising in the City in order to promote the safe movement of vehicular traffic, to reduce air pollution and to improve the aesthetic appearance of the City.

B. General requirements. It is unlawful for any person to conduct, or cause to be conducted, any mobile billboard advertising upon any street, or other public place within the City in which the public has the right of travel.

C. Parking. It is unlawful for any person to conduct or cause to be conducted by stopping, standing or parking, any mobile billboard advertising upon any street, or other public place within the City in which the public has the right of travel.

D. Definition. Mobile billboard advertising includes any vehicle or wheeled conveyance which carries, conveys, pulls or

transports any sign or billboard for the primary purpose of advertising.

  E. Exemptions. This Section shall not apply to:

  1. Any vehicle which displays any advertisement or business identification of its owner, so long as such vehicle is engaged in the usual business or regular work of the owner, and not used merely, mainly or primarily to display advertisements;

  2. Buses; or

  3. Taxicabs.

Plaintiff Hit & Miss is informed and believes, and on that basis alleges, that there is no ordinance adopted by the City of Long Beach specifying, as required by Vehicle Code §21100, subdivision (m), that the penalties for a violation of Section §10.18.050 may include removal and impound of the allegedly offending vehicle. Plaintiff Hit & Miss is further informed and believes, and on that basis alleges, that Long Beach Municipal Code §10.18.050 was adopted in or about 2009, prior to the Legislature's enactment of the "mobile billboard advertising display" statutes cited above, and that it has not been amended subsequent to its adoption to refer to or to comply with the cited provisions of the Vehicle Code.

  12. On or about May 8, 2018, the Office of the City Attorney of the City of Long Beach transmitted a letter to plaintiff Hit & Miss, over the signature of Deputy City Attorney Sheila E. Green. A true and correct copy of the City's letter is attached to this Complaint, designated as Exhibit "A", and incorporated by this reference as though set forth in full at this point. In that letter, the City asserted that its "investigation" had determined that plaintiff's utility trailers "are being

1  used primarily for advertisement purposes and are therefore prohibited in the City
2  of Long Beach." The letter further stated:

> [Y]our use of the above-referenced vehicles as a 'mobile billboard advertising vehicles' is prohibited. We hereby demand that you discontinue these uses of the vehicle by removing the vehicle from all public right-of-ways immediately and/or by immediately detaching the signs attached to the sides of the vehicle. **If the unlawful use of the vehicles described above is not discontinued immediately, the City will have no choice but to remove your vehicles from the public right-of-way by having them impounded. No further notice will be provided for future violations; these vehicles will continue to be removed from the public right of way by impounding.**

(Emphasis in original.)

   13.   Beginning on or about May 18, 2018, and continuing thereafter, the defendant City has, on an ongoing and recurring basis, impounded and removed, or threatened to impound and remove, plaintiff's utility trailers from locations within the City. On each occasion, the removed trailer was parked at a location and at a time of day when parking of any other vehicle was entirely lawful, and the seizure was made on the purported authority of Long Beach Municipal Code §10.18.050. As of the date of this Complaint, at least sixteen (16) vehicles owned by plaintiff have been seized and impounded by the City.

   14.   As to each of plaintiff's vehicles, upon learning of the seizure and impound, plaintiff has made a request for a post-impound hearing pursuant to Vehicle Code §22852. On each occasion, the defendant City has refused to

provide any such hearing. In consequence, plaintiff's vehicles have been permanently lost to plaintiff, as a result of their being sold in a lien sale by the City or its agents.

15. In or about the month of June, 2018, plaintiff submitted a written claim for damages to the City of Long Beach, pursuant to the Tort Claims Act. The City rejected that claim on or about June 21, 2018.

## FIRST CAUSE OF ACTION—
## FOR INJUNCTIVE AND DECLARATORY RELIEF
## [SUBSTANTIVE AND PROCEDURAL DUE PROCESS, FREE SPEECH]

16. Plaintiff Hit & Miss refers to the allegations of paragraphs 1 through 15, inclusive, of this Complaint, and reincorporates those allegations by this reference as though set forth in full at this point.

17. The claims alleged in this Complaint arise under the First and Fourteenth Amendments to, and other provisions of, the United States Constitution; the Civil Rights Act of 1871, 42 U.S.C. §1983; the California Constitution; and the civil rights laws of the State of California. The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects plaintiff's right to pursue a legitimate business or occupation, and to make reasonable use of its property, subject only to regulations that are rationally related to a legitimate government purpose. The First Amendment of the United States Constitution protects plaintiff's right to engage in speech and communications, whether in a commercial, political or personal context, without regard to the specific content of that speech activity, subject only to narrowly drawn restrictions based upon a compelling state interest. The First Amendment

operates to prohibit discrimination, by government actors, between favored and disfavored speakers, or between favored and disfavored messages or content. Further, the United States Constitution and the California Constitution protect and preserve plaintiff's right not to be deprived of life, liberty, or property without due process of law.

18. Long Beach Municipal Code §10.18.050 discriminates on its face between favored and disfavored speakers, and between favored and disfavored subject matter and points of view, by permitting the activity described as "mobile billboard advertising" to be engaged in on certain subjects (e.g., to advertise the business of the owner of an advertisement-bearing vehicle) or by certain speakers (e.g., the owners of busses or taxicabs), but not by others, e.g., by plaintiff Hit & Miss. The ordinance is facially unconstitutional under the First Amendment of the United States Constitution, and the independent protections of the California Constitution, Article 1, §2(a) ["A law may not restrain or abridge liberty of speech or press."] Additionally, plaintiff is informed and believes, and on that basis alleges, that the City of Long Beach has adopted a policy pursuant to which it is engaged in discriminatory enforcement by targeting, seizing and impounding plaintiff's vehicles while not acting to similarly enforce its ordinance against other, similarly situated private vehicle owners.

19. Long Beach Municipal Code §10.18.050 does not comply with the requirements of California law, and does not provide a lawful basis for the seizure and impound of any vehicle, because it does not specify as required by Vehicle Code §21100, subdivision (m), that the penalties for a violation of Section §10.18.050 may include removal and impound of the allegedly offending vehicle; consequently, the impound of plaintiff's vehicles was not authorized by the

provisions of Vehicle Code §22651, subdivision (v), because of the absence of an ordinance complying with those provisions. Moreover, the City of Long Beach has adopted a policy and practice, at least in cases involving plaintiff Hit & Miss, of refusing to provide the post-impound hearing required by statute (Vehicle Code §22852) and by the Due Process provisions of the United States Constitution and the California Constitution. A post-impound hearing is particularly necessary in these cases, because the City of Long Beach has adopted a policy and practice, at least as against plaintiff Hit & Miss, of willfully misconstruing the relevant provisions of the Vehicle Code §22651, subdivision (v), which permit a vehicle to be seized and impounded only when "[the] vehicle is a mobile billboard advertising display", i.e., when the primary purpose of the vehicle itself is to serve as a display of advertising. The primary purpose of the plaintiff's vehicles is the transport of property and equipment, and the presence of signage or advertising on the exterior of the vehicles is secondary; they are therefore not "mobile billboard advertising displays" as that term is defined by the relevant provisions of the California Vehicle Code. If a post-impound hearing was provided as required by law, plaintiff is informed and believes that the City would be unable to bear its statutory burden of demonstrating that any of the plaintiff's vehicles were in fact lawfully impounded, and would be obliged to restore those vehicles to plaintiff at the City's expense.

20. An actual controversy has arisen and now exists between plaintiff and defendants, and each of them, in that plaintiff contends, and each defendant denies, that the policies, practices, and actions of the City of Long Beach in regard to the adoption and purported enforcement of its ordinance concerning

"mobile billboard advertising" are unconstitutional, and not within the City's power or authority under California law.

21. Plaintiff desires a judicial determination of the respective rights and duties of plaintiff and defendants, and each of them, with respect to the issues framed in this action. A declaration is necessary and appropriate at this time in order that plaintiff may ascertain its rights and duties with respect to using its vehicles within the City of Long Beach, as plaintiff desires to do.

22. Further, unless the city of Long Beach is enjoined from committing the above-described Constitutional violations, and obliged to restore to plaintiff all of plaintiff's property seized pursuant to the purported authority of that defendant's ordinance, plaintiff and all those similarly situated will continue to suffer great and irreparable harm.

## SECOND CAUSE OF ACTION —
## FOR DAMAGES PURSUANT TO 42 U.S.C. §1983

23. Plaintiff refers to and reincorporates the allegations of paragraphs 1 through 22, inclusive, of this Complaint, as though set forth in full at this point.

24. The actions of the defendant City of Long Beach, and particularly the City's seizure and impound of the plaintiff's property and interference with plaintiff's lawful business activities, were the product of policies or customs adopted by the City, and constitute violations of the plaintiff's Constitutional rights, under color of law. As a direct and proximate result of the City's unconstitutional and unlawful actions, plaintiff has sustained damages in an amount not yet fully determined, but within the unlimited jurisdiction of this Court.

# THIRD CAUSE OF ACTION —

## FOR DAMAGES PURSUANT TO CALIFORNIA CIVIL CODE §52.1

25. Plaintiff refers to and reincorporates the allegations of paragraphs 1 through 24, inclusive, of this Complaint, as though set forth in full at this point.

26. The actions of the defendant City of Long Beach in threatening the seizure of plaintiff's property, and in seizing and impounding that property in violation of law and in violation of plaintiff's rights under the United States and California Constitutions, and in refusing to afford plaintiff a post-impound remedy for the retrieval of plaintiff's property constitute acts of threat, intimidation, or coercion in violation of California Civil Code §52.1, thereby entitling plaintiff to recover damages proximately caused by the defendant's wrongful and unconstitutional acts. Plaintiff has sustained damages in an amount not yet determined, but within the unlimited jurisdiction of this Court.

WHEREFORE, plaintiffs pray judgment as follows:

1. For entry of a judgment declaring the City of Long Beach's ordinance purporting to regulate and prohibit "mobile billboard advertising" to be unconstitutional on its face, or as applied to plaintiff and others similarly situated, or both;

2. For preliminary injunction and a permanent injunction, all enjoining and prohibiting defendant, and its agents, employees and all persons acting under, in concert with, or for them from continuing to enforce its "mobile billboard advertising" ordinance, and in particular to prohibit further impound and seizure of plaintiff's utility trailers within the City of Long Beach, and to require the

return of all plaintiff's property in the City's possession or control, or restitution of the value of that property to plaintiff;

  3. For compensatory damages in an amount to be determined at trial;

  4. For punitive damages in an amount to be determined at trial;

  5. For an award of attorney's fees, pursuant to 42 U.S.C. §1988 and/or pursuant to California law;

  6. For costs of suit incurred in this action; and

  7. For such other and further relief as the Court deems just and proper.

DATED: October 23, 2018  WALLACE, BROWN & SCHWARTZ

_____
by GEORGE M. WALLACE
Attorneys for Plaintiff HIT & MISS,
ENTERPRISES, INC., a California
corporation