George M. Wallace -- Cal. Bar No. 101472
WALLACE, BROWN & SCHWARTZ
215 North Marengo Avenue
Third Floor
Pasadena, California 91101-1504
 (626) 844-6777; Fax (626) 795-0353
Email: gwallace@wbslaw.com

Attorney for Plaintiffs HIT & MISS, ENTERPRISES, INC., a California corporation; and SAMI AMMARI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIT & MISS, ENTERPRISES, INC., a California corporation; SAMI AMMARI, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LONG BEACH, <br><br> Defendant. | Case No.: **2:18-cv-09996-PSG-JEM** <br><br> **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW RE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [Fed.R.Civ.P. 56]** <br><br> DATE:  January 11, 2021 <br> TIME:  1:30 p.m. <br> COURTROOM:  6A |

After consideration of the papers in support of and in opposition to plaintiffs' motion for summary judgment, and the oral argument of counsel, the Court determines that the following facts have been established:

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 1

## UNCONTROVERTED FACTS

| Statement of Fact | Evidence |
| --- | --- |
| 1.  Beginning in 2010, the State of California has enacted a series of statutes and amendments thereto regulating a class of vehicle designated as "mobile billboard advertising displays" and granting to municipalities such as the City of Long Beach authority to adopt and enforce local ordinances permitting the seizure and impound of a vehicle that is determined to be a "mobile billboard advertising display." The term "mobile billboard advertising display" is defined in California Vehicle Code §395.5, as follows:<br><br>A 'mobile billboard advertising display' means an advertising display that is attached to a mobile, nonmotorized vehicle, device, or bicycle, that carries, pulls, or transports a sign or billboard, and is for the primary purpose of advertising. | 1.  Stipulated by parties as undisputed, Stipulation of Facts re Motions for Summary Judgment, ¶1. |

| | |
|---|---|
| 2.    The authority of a municipality such as the City of Long Beach to adopt ordinances concerning non-motorized "mobile billboard advertising displays" is codified in California Vehicle Code §21100, subdivision (m). The authority of a municipality such as the City of Long Beach to regulate signage on motor vehicles is codified in Vehicle Code §21100, subdivision (p). California Vehicle Code §21100 provides in relevant part as follows:<br><br>    Local authorities may adopt rules and regulations by ordinance or resolution regarding … the following matters:<br><br>            * * *<br><br>    (m)   Regulating mobile billboard advertising displays, as defined in Section 395.5, including the establishment of penalties, which may include, but are not limited to, removal of the mobile billboard advertising display, civil | 2.    Stipulation of Facts re Motions for Summary Judgment, ¶2. |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 3

penalties, and misdemeanor criminal penalties, for a violation of the ordinance or resolution. The ordinance or resolution may establish a minimum distance that a mobile billboard advertising display shall be moved after a specified time period.

* * *

(p) (1) Regulating advertising signs on motor vehicles parked or left standing upon a public street. The ordinance or resolution may establish a minimum distance that the advertising sign shall be moved after a specified time period.

(2) Paragraph (1) does not apply to any of the following:

(A) Advertising signs that are permanently affixed to the body of, an integral part of,

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 4

or a fixture of a motor vehicle for permanent decoration, identification, or display and that do not extend beyond the overall length, width, or height of the vehicle.

(B) If the license plate frame is installed in compliance with Section 5201, paper advertisements issued by a dealer contained within that license plate frame or any advertisements on that license plate frame.

(3) As used in paragraph (2), "permanently affixed" means any of the following:

(A) Painted directly on the body of a motor vehicle.

(B) Applied as a decal on the body of a motor vehicle.

(C) Placed in a location on the body of a motor vehicle that was specifically designed

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 5

| Statement of Fact | Evidence |
|---|---|
| by a vehicle manufacturer as defined in Section 672 and licensed pursuant to Section 11701, in compliance with both state and federal law or guidelines, for the express purpose of containing an advertising sign. | |
| 3.    A municipality, acting through a peace officer or other traffic enforcement authority, can only remove or impound a vehicle on a public roadway as expressly authorized by the California Vehicle Code. The limitation is codified in California Vehicle Code §22650, which provided as follows during the time period applicable to this action:<br><br>        (a) It is unlawful for any peace officer or any unauthorized person to remove any unattended vehicle from a highway to a garage or to any | 3.    Stipulation of Facts re Motions for Summary Judgment, ¶3, and Exhibit "1" thereto. |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 6

| Statement of Fact | Evidence |
|---|---|
| other place, except as provided in this code. | |
| Those law enforcement and other agencies identified in this chapter as having the authority to remove vehicles shall also have the authority to provide hearings in compliance with the provisions of Section 22852. During these hearings the storing agency shall have the burden of establishing the authority for, and the validity of, the removal. | |
| (b) Nothing in this section shall be deemed to prevent a review or other action as may be permitted by the laws of this state by a court of competent jurisdiction. | |
| 4.      The conditions under which a "mobile billboard advertising display" may be removed by a municipal authority such | 4.      Stipulation of Facts re Motions for Summary Judgment, ¶4. |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 7

| Statement of Fact | Evidence |
|---|---|
| as the City of Long Beach are codified in California Vehicle Code §22651, subdivision (v), the relevant portions of which provide as follows: | |
| A peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, or a regularly employed and salaried employee, who is engaged in directing traffic or enforcing parking laws and regulations, of a city, county, or jurisdiction of a state agency in which a vehicle is located, may remove a vehicle located within the territorial limits in which the officer or employee may act, under the following circumstances: | |
| * * * | |
| (v)(1) When a vehicle is a mobile billboard advertising | |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 8

| Statement of Fact | Evidence |
|---|---|
| display, as defined in Section 395.5, and is parked or left standing in violation of a local resolution or ordinance adopted pursuant to subdivision (m) of Section 21100, if the registered owner of the vehicle was previously issued a warning citation for the same offense, pursuant to paragraph (2). (2)  Notwithstanding subdivision (a) of Section 22507, a city or county, in lieu of posting signs noticing a local ordinance prohibiting mobile billboard advertising displays adopted pursuant to subdivision (m) of Section 21100, may provide notice by issuing a warning citation advising the registered owner of the vehicle that he or she may be subject to penalties | |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 9

| Statement of Fact | Evidence |
|---|---|
| upon a subsequent violation of the ordinance, that may include the removal of the vehicle as provided in paragraph (1). A city or county is not required to provide further notice for a subsequent violation prior to the enforcement of penalties for a violation of the ordinance. | |
| (w)(1) When a vehicle is parked or left standing in violation of a local ordinance or resolution adopted pursuant to subdivision (p) of Section 21100, if the registered owner of the vehicle was previously issued a warning citation for the same offense, pursuant to paragraph (2). | |
| (2) Notwithstanding subdivision (a) of Section 22507, a city or county, in lieu of posting signs noticing a | |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 10

| Statement of Fact | Evidence |
|---|---|
| local ordinance regulating advertising signs adopted pursuant to subdivision (p) of Section 21100, may provide notice by issuing a warning citation advising the registered owner of the vehicle that he or she may be subject to penalties upon a subsequent violation of the ordinance that may include the removal of the vehicle as provided in paragraph (1). A city or county is not required to provide further notice for a subsequent violation prior to the enforcement of penalties for a violation of the ordinance. | |
| 5.      When a vehicle has been removed or impounded by a municipal authority, such as the City of Long Beach, that authority is required by law to provide notice to the vehicle owner and an opportunity to obtain | 5.      Stipulation of Facts re Motions for Summary Judgment, ¶5. |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 11

| Statement of Fact | Evidence |
|---|---|
| a post-impound hearing at which the municipality bears the burden "of establishing the authority for, and the validity of, the removal", pursuant to California Vehicle Code §22852, which provides as follows:<br><br>(a)    Whenever an authorized member of a public agency directs the storage of a vehicle, as permitted by this chapter, or upon the storage of any  vehicle as permitted herein  (except as provided in subdivision (f) or (g)), the agency or person directing the storage shall provide the vehicle's registered and legal owners of record, or their agents, with the opportunity for a poststorage hearing to determine the validity of the storage.<br><br>(b)    A notice of the storage shall be mailed or | |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 12

| Statement of Fact | Evidence |
|---|---|
| personally delivered to the registered and legal owners within 48 hours, excluding weekends and holidays, and shall include all of the following information:<br><br>(1)   The name, address, and telephone number of the agency providing the notice.<br><br>(2)   The location of the place of storage and description of the vehicle, which shall include, if available, the name or make, the manufacturer, the license plate number, and the mileage.<br><br>(3)   The authority and purpose for the removal of the vehicle.<br><br>(4)   A statement that, in order to receive their poststorage hearing, the owners, or their agents, shall | |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 13

| Statement of Fact | Evidence |
|---|---|
| request the hearing in person, writing, or by telephone within 10 days of the date appearing on the notice. <br><br> (c)  The poststorage hearing shall be conducted within 48 hours of the request, excluding weekends and holidays. The public agency may authorize its own officer or employee to conduct the hearing if the hearing officer is not the same person who directed the storage of the vehicle. <br><br> (d)  Failure of either the registered or legal owner, or his or her agent, to request or to attend a scheduled hearing shall satisfy the poststorage hearing requirement. <br><br> (e)  The agency employing the person who directed the storage shall be responsible for the costs incurred for towing | |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 14

| Statement of Fact | Evidence |
|---|---|
| and storage if it is determined in the poststorage hearing that reasonable grounds for the storage are not established. (f)      This section does not apply to vehicles abated under the Abandoned Vehicle Abatement Program pursuant to Sections 22660 to 22668, inclusive, and Section 22710, or to vehicles impounded for investigation pursuant to Section 22655, or to vehicles removed from private property pursuant to Section 22658. (g)      This section does not apply to abandoned vehicles removed pursuant to Section 22669 which are determined by the public agency to have an estimated value of three hundred dollars ($300) or less. | |

| Statement of Fact | Evidence |
|---|---|
| 6. In 2009, the City of Long Beach adopted an ordinance, Long Beach Municipal Code §10.18.050, to regulate "mobile billboard advertising." That ordinance provides as follows:<br><br>A. Purpose. The purpose of this Section is to eliminate billboard advertising in the City in order to promote the safe movement of vehicular traffic, to reduce air pollution and to improve the aesthetic appearance of the City.<br><br>B. General requirements. It is unlawful for any person to conduct, or cause to be conducted, any mobile billboard advertising upon any street, or other public place within the City in which the public has the right of travel.<br><br>C. Parking. It is unlawful for any person to conduct or cause to be conducted by | 6. Stipulation of Facts re Motions for Summary Judgment, ¶6. |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 16

| Statement of Fact | Evidence |
|---|---|
| stopping, standing or parking, any mobile billboard advertising upon any street, or other public place within the City in which the public has the right of travel. | |
| D.      Definition. Mobile billboard advertising includes any vehicle or wheeled conveyance which carries, conveys, pulls or transports any sign or billboard for the primary purpose of advertising. | |
| E.      Exemptions. This Section shall not apply to: | |
| 1.      Any vehicle which displays any advertisement or business identification of its owner, so long as such vehicle is engaged in the usual business or regular work of the owner, and not used merely, mainly or primarily to display advertisements; | |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 17

| Statement of Fact | Evidence |
|---|---|
| 2.     Buses; or<br><br>3.     Taxicabs.<br><br>There is no ordinance adopted by the City of Long Beach specifying that the penalties for a violation of Section §10.18.050 may include removal and impound of the offending vehicle. | |
| 7.     In 2014, the City of Long Beach adopted an ordinance, Long Beach Municipal Code §21.54.125, subdivision (A), also regulating "mobile billboards." The ordinance provides in relevant part as follows:<br><br>As set forth in Section 21.54.110, any type or location of billboard development not specifically permitted by this Chapter shall be prohibited. Additionally, the following types of prohibited billboards are specified for clarity. However, this shall not limit the types of prohibited | 7.     Stipulation of Facts re Motions for Summary Judgment, ¶7. |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 18

| Statement of Fact | Evidence |
|---|---|
| billboards to those described below: <br><br> A. Mobile billboards. Any billboard installed upon, mounted, attached, or applied to any vehicle, non-motorized vehicle, bicycle, scooter, or trailer whose primary purpose is conveyance, transportation, or support of the billboard message surface shall be prohibited from any display or placement on public or private property or the public right-of-way in a manner making it visible from any other public or private property or the public right-of-way;… | |

| Statement of Fact | Evidence |
|---|---|
| There is no ordinance adopted by the City of Long Beach specifying that the penalties for a violation of Section §21.54.125 may include removal and impound of the offending vehicle. | |
| 8.      In 2013, the City of Long Beach adopted an ordinance, Long Beach Municipal Code §21.44.600, subdivision (H), to regulate "Vehicle Signs." Chapter 21.44 of the Long Beach Municipal Code specifies that it regulates "On-Premises Signs". Section 21.44.600 provides in relevant part as follows: <br><br> The following signs shall be prohibited: <br><br> * * * <br><br> H. Vehicle Signs. Signs identifying a business shall not be affixed to or placed in or on vehicles parked in the public right-of-way or on private property in a | 8.      Stipulation of Facts re Motions for Summary Judgment, ¶8. |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 20

| Statement of Fact | Evidence |
|---|---|
| manner such that the vehicle functions as a sign for the business. This regulation shall not apply to buses and taxicabs legally operating within the City limits, or to other permitted uses regulated under other titles of the Municipal Code. However, mobile billboards are prohibited in Chapter 21.54 (Billboards). There is no ordinance adopted by the City of Long Beach specifying that the penalties for a violation of Section §21.44.600 may include removal and impound of the offending vehicle. | |
| 9.      Plaintiff Hit & Miss was and is the owner of a quantity of utility trailers. The trailers are non-motorized vehicles, | 9.      Stipulation of Facts re Motions for Summary Judgment, ¶9. |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 21

| Statement of Fact | Evidence |
|---|---|
| constructed and sold by their manufacturer to Hit & Miss, and to other businesses, to be hitched to motor vehicles for use in transporting property and equipment. Each of the utility trailers was and is registered with the California Department of Motor Vehicles, and each bears a vehicle license and Vehicle Identification Number [VIN]. Hit & Miss has utilized its utility trailers for the purpose of storing and transporting property and materials used in its business, including cleaning supplies and related equipment, and has at various times parked those trailers within the City of Long Beach. The trailers also bear messages, signage, and advertising painted or otherwise affixed their exteriors. | |
| 10.    Plaintiff Sami Ammari has also utilized motor vehicles (vans) for the purpose of storing and transporting persons, property and materials used in his businesses. Those vehicles also bear messages, signage, and advertising painted, "wrapped," or otherwise permanently | 10.    Stipulation of Facts re Motions for Summary Judgment, ¶10. |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 22

| Statement of Fact | Evidence |
|---|---|
| affixed to their exteriors. When the vehicles are not in active use in other aspects of the businesses, they have been parked on public streets, including at locations in the City of Long Beach. | |
| 11.    On or about May 8, 2018, the Office of the City Attorney of the City of Long Beach transmitted a letter to plaintiff Hit & Miss, over the signature of Deputy City Attorney Sarah E. Green. In that letter, the City asserted that its investigation had determined that plaintiff Hit & Miss's utility trailers "are being used primarily for advertisement purposes and are therefore prohibited in the City of Long Beach." The letter further stated:<br><br>    [Y]our use of the above-referenced vehicles as a 'mobile billboard advertising vehicles' is prohibited. We hereby demand that you discontinue these uses of the vehicle by removing the | 11.    Stipulation of Facts re Motions for Summary Judgment, ¶11, and Exhibit "A" thereto. |

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 23

| Statement of Fact | Evidence |
|---|---|
| vehicle from all public right-of-ways immediately and/or by immediately detaching the signs attached to the sides of the vehicle. **If the unlawful use of the vehicles described above is not discontinued immediately, the City will have no choice but to remove your vehicles from the public right-of-way by having them impounded. No further notice will be provided for future violations; these vehicles will continue to be removed from the public right of way by impounding.** (Emphasis in original.) | |
| 12. Beginning on or about May 18, 2018, and continuing thereafter, the defendant City has, on an ongoing and recurring basis, impounded and removed, or threatened to impound and remove, plaintiffs' utility | 12. Stipulation of Facts re Motions for Summary Judgment, ¶12. |

| Statement of Fact | Evidence |
|---|---|
| trailers and motor vehicles from locations within the City. On each occasion, the removed trailer was parked at a location and at a time of day when parking of any other vehicle was entirely lawful, and the seizure was made on the purported authority of Long Beach Municipal Code §10.18.050, §21.54.125, §21.44.600, or some combination of those. | |
| 13.    The City of Long Beach, through its City Prosecutor's Office, commenced criminal prosecutions against plaintiff Sami Ammari on January 7, 2019, and twice on February 27, 2019, under Los Angeles Superior Court Case Numbers LB 8LB05997, LB 9LB00984, and LB 9LB00943. Each of the three criminal cases included charges pursuant to Long Beach Municipal Code sections 21.44.600(H) and 21.54.125(A), as well as other allegations that were subsequently withdrawn, not prosecuted, or dismissed. On or about April 24, 2019, all of the | 13.    Stipulation of Facts re Motions for Summary Judgment, ¶14 [through inadvertence, the Stipulation does not include a paragraph numbered 13], a Exhibits "B" and "C" thereto. |

| Statement of Fact | Evidence |
|---|---|
| charges under the billboard/sign-related ordinances were resolved by a Deferred Entry of Judgment. Pursuant to the terms of that agreement, judgment and sentencing is deferred for 36 months. Further, pursuant to the Deferred Entry of Judgment, if any State or Federal Court subsequently determines that §21.44.600(H) or §21.54.125(A) is invalid, or issues an order enjoining enforcement of those ordinances, then a hearing will be held to determine whether the Deferred Entry of Judgment should be terminated early, or the cases dismissed. | |

Based upon the foregoing Uncontroverted Facts, the Court now makes its

## CONCLUSIONS OF LAW

1. Long Beach Municipal Code §10.18.050 discriminates on its face between favored and disfavored speakers, and between favored and disfavored subject matter and points of view, by permitting the activity described as "mobile billboard advertising" to be engaged in on certain subjects (e.g., to advertise the business of the owner of an advertisement-bearing vehicle) or by certain speakers (e.g., the owners of busses or taxicabs), but not by others, e.g., by plaintiffs. The ordinance is facially unconstitutional under the First Amendment of the United States Constitution, and the independent protections of the California

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 26

Constitution, Article 1, §2(a) ["A law may not restrain or abridge liberty of speech or press."] Long Beach Municipal Code §10.18.050 discriminates on its face between favored and disfavored speakers, and between favored and disfavored subject matter and points of view, by permitting the activity described as "mobile billboard advertising" to be engaged in on certain subjects (e.g., to advertise the business of the owner of an advertisement-bearing vehicle) or by certain speakers (e.g., the owners of busses or taxicabs), but not by others, e.g., by plaintiffs. The ordinance is facially unconstitutional under the First Amendment of the United States Constitution, and the independent protections of the California Constitution, Article 1, §2(a) ["A law may not restrain or abridge liberty of speech or press."]

2.      Long Beach Municipal Code §10.18.050 does not comply with the requirements of California law, and does not provide a lawful basis for the seizure and impound of any vehicle, because it does not specify as required by Vehicle Code §21100, subdivision (m), that the penalties for a violation of Section §10.18.050 may include removal and impound of the allegedly offending vehicle; consequently, the impound of plaintiff's vehicles was not authorized by the provisions of Vehicle Code §22651, subdivision (v), because of the absence of an ordinance complying with those provisions.

3.      The primary purpose of the plaintiffs' utility trailers vehicles is the transport of property and equipment, and the presence of signage or advertising on the exterior of the vehicles is secondary; they are therefore not "mobile billboard advertising displays" as that term is defined by California Vehicle Code §395.5. The definition in that statute applies only to advertising displays on non-motorized vehicles, therefore the plaintiffs' motorized vans also do not fall within

the definition of "mobile billboard advertising displays" and are not subject to seizure or impound pursuant to the California Vehicle Code.

4.  Long Beach Municipal Code §21.54.125 adopts an overbroad definition of "mobile billboard" exceeding that authorized by the California Legislature in the Vehicle Code. Under the Vehicle Code, a "mobile billboard advertising display" is specified to be a non-motorized vehicle; signage borne by a motor vehicle is not defined as a "mobile billboard", and is regulated solely in relation to whether the signage is affixed with sufficient permanence (so as not to pose a safety hazard by coming loose) or substantially alters the measurements and size of the motor vehicle. The motor vehicles owned by plaintiffs, and particularly the motor vehicles used by plaintiff Sami Ammari, comply with the requirements defined in the Vehicle Code, and are not subject to impound or seizure pursuant to either that Code or a local ordinance. The Vehicle Code also permits motor vehicles to bear signage that is for purposes of "permanent decoration, identification, or display". Plaintiff's motor vehicles are in compliance with this authorization. Alternatively, if the particular signage or messages on plaintiffs' vehicles are deemed not to be for "decoration, identification or display," the permission of signage for those purposes, while excluding other sorts of messages, is a content-based distinction impermissible under the First Amendment. The City ordinance, to the extent it distinguishes between speakers or between messages, is unconstitutional under the First Amendment of the United States Constitution, and the independent protections of the California Constitution, Article 1, §2(a) ["A law may not restrain or abridge liberty of speech or press."]

5.      Long Beach Municipal Code §21.44.600(H) is simply inapplicable on its face to any of plaintiffs' vehicles, and cannot form the basis for a prosecution. That ordinance governs certain sorts of "on-premises" signage, and refers to vehicles parked so as to serve as the sign for a business. In that context, signage on a vehicle is prohibited only when that vehicle is serving as the sign for the particular business in front of which, or adjacent to which, it is parked. None of plaintiffs' vehicles purports to advertise or identify any business establishment that is at the same physical location as the vehicle itself.

6.      To the extent that plaintiffs have had their vehicles or other property seized or impounded by the City of Long Beach on the basis of any of the ordinances declared herein to be invalid, unconstitutional, or otherwise unenforceable, the plaintiffs' property has been taken, and their constitutional rights impaired, under color of law in violation of 42 U.S.C. §1983, and plaintiffs are entitled to declaratory judgment, injunctive relief, and damages pursuant to that statute. Plaintiffs are also entitled to recover damages under state law for invasion of their constitutional rights, pursuant to California Civil Code §52.1

DATED:

_____
UNITED STATES DISTRICT JUDGE

Statement of Uncontroverted Facts and Conclusions of Law [Plaintiffs] - 29