George M. Wallace -- Cal. Bar No. 101472
WALLACE, BROWN & SCHWARTZ
215 North Marengo Avenue
Third Floor
Pasadena, California 91101-1504
 (626) 844-6777; Fax (626) 795-0353
Email: gwallace@wbslaw.com

Attorney for Plaintiffs HIT & MISS, ENTERPRISES, INC., a California corporation, and SAMI AMMARI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIT & MISS, ENTERPRISES, INC., a California corporation; SAMI AMMARI, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LONG BEACH, <br><br> Defendant. | Case No.: **2:18-cv-09996-PSG-JEM** <br><br> **STIPULATION OF FACTS RE MOTIONS FOR SUMMARY JUDGMENT** <br><br> DATE:     October  , 2020 <br> TIME:     10:00 a.m. |

## STIPULATION OF FACTS

Plaintiffs HIT & MISS, ENTERPRISES, INC., a California corporation, and SAMI AMMARI ("Plaintiffs") and Defendant CITY OF LONG BEACH ("Defendant") (jointly referred to as the "Parties"), by and through their attorneys of record, hereby admit and stipulate to the following facts, which the Parties intend to be conclusively established as true, and accordingly, must be regarded by the trier of fact as proved:

1. Beginning in 2010, the State of California has enacted a series of statutes and amendments thereto regulating a class of vehicle designated as "mobile billboard advertising displays" and granting to municipalities such as the City of Long Beach authority to adopt and enforce local ordinances permitting the seizure and impound of a vehicle that is determined to be a "mobile billboard advertising display." The term "mobile billboard advertising display" is defined in California Vehicle Code §395.5, as follows:

> A 'mobile billboard advertising display' means an advertising display that is attached to a mobile, nonmotorized vehicle, device, or bicycle, that carries, pulls, or transports a sign or billboard, and is for the primary purpose of advertising.

2. The authority of a municipality such as the City of Long Beach to adopt ordinances concerning non-motorized "mobile billboard advertising displays" is codified in California Vehicle Code §21100, subdivision (m). The authority of a municipality such as the City of Long Beach to regulate signage on motor vehicles is codified in Vehicle Code §21100, subdivision (p). California Vehicle Code §21100 provides in relevant part as follows:

> Local authorities may adopt rules and regulations by ordinance or resolution regarding … the following matters:
>
> * * *
>
> (m) Regulating mobile billboard advertising displays, as defined in Section 395.5, including the establishment of penalties, which may include, but are not limited to, removal of the mobile billboard advertising display, civil penalties, and misdemeanor criminal penalties, for a violation of the ordinance or resolution. The

Stipulation of Facts re Motion for Summary Judgment - 2

ordinance or resolution may establish a minimum distance that a mobile billboard advertising display shall be moved after a specified time period.

* * *

(p) (1) Regulating advertising signs on motor vehicles parked or left standing upon a public street. The ordinance or resolution may establish a minimum distance that the advertising sign shall be moved after a specified time period.

(2) Paragraph (1) does not apply to any of the following:

(A)  Advertising signs that are permanently affixed to the body of, an integral part of, or a fixture of a motor vehicle for permanent decoration, identification, or display and that do not extend beyond the overall length, width, or height of the vehicle.

(B)   If the license plate frame is installed in compliance with Section 5201, paper advertisements issued by a dealer contained within that license plate frame or any advertisements on that license plate frame.

(3)   As used in paragraph (2), "permanently affixed" means any of the following:

(A)  Painted directly on the body of a motor vehicle.

(B)  Applied as a decal on the body of a motor vehicle.

(C)  Placed in a location on the body of a motor vehicle that was specifically designed by a vehicle manufacturer as defined in Section 672 and licensed pursuant to Section 11701, in compliance

Stipulation of Facts re Motion for Summary Judgment - 3

with both state and federal law or guidelines, for the express purpose of containing an advertising sign.

3.      A municipality, acting through a peace officer or other traffic enforcement authority, can only remove or impound a vehicle on a public roadway as expressly authorized by the California Vehicle Code. The limitation is codified in California Vehicle Code §22650, which provided as follows during the time period applicable to this action:

(a) It is unlawful for any peace officer or any unauthorized person to remove any unattended vehicle from a highway to a garage or to any other place, except as provided in this code.

Those law enforcement and other agencies identified in this chapter as having the authority to remove vehicles shall also have the authority to provide hearings in compliance with the provisions of Section 22852. During these hearings the storing agency shall have the burden of establishing the authority for, and the validity of, the removal.

(b) Nothing in this section shall be deemed to prevent a review or other action as may be permitted by the laws of this state by a court of competent jurisdiction.

4.      The conditions under which a "mobile billboard advertising display" may be removed by a municipal authority such as the City of Long Beach are codified in California Vehicle Code §22651, subdivision (v), the relevant portions of which provide as follows:

A peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, or a regularly employed and salaried employee, who is engaged in directing traffic

---

Stipulation of Facts re Motion for Summary Judgment - 4

or enforcing parking laws and regulations, of a city, county, or jurisdiction of a state agency in which a vehicle is located, may remove a vehicle located within the territorial limits in which the officer or employee may act, under the following circumstances:

* * *

(v)(1) When a vehicle is a mobile billboard advertising display, as defined in Section 395.5, and is parked or left standing in violation of a local resolution or ordinance adopted pursuant to subdivision (m) of Section 21100, if the registered owner of the vehicle was previously issued a warning citation for the same offense, pursuant to paragraph (2).

(2)  Notwithstanding subdivision (a) of Section 22507, a city or county, in lieu of posting signs noticing a local ordinance prohibiting mobile billboard advertising displays adopted pursuant to subdivision (m) of Section 21100, may provide notice by issuing a warning citation advising the registered owner of the vehicle that he or she may be subject to penalties upon a subsequent violation of the ordinance, that may include the removal of the vehicle as provided in paragraph (1). A city or county is not required to provide further notice for a subsequent violation prior to the enforcement of penalties for a violation of the ordinance.

(w)(1) When a vehicle is parked or left standing in violation of a local ordinance or resolution adopted pursuant to subdivision (p) of Section 21100, if the registered owner of the vehicle was previously

issued a warning citation for the same offense, pursuant to paragraph (2).

(2) Notwithstanding subdivision (a) of Section 22507, a city or county, in lieu of posting signs noticing a local ordinance regulating advertising signs adopted pursuant to subdivision (p) of Section 21100, may provide notice by issuing a warning citation advising the registered owner of the vehicle that he or she may be subject to penalties upon a subsequent violation of the ordinance that may include the removal of the vehicle as provided in paragraph (1). A city or county is not required to provide further notice for a subsequent violation prior to the enforcement of penalties for a violation of the ordinance.

5.      When a vehicle has been removed or impounded by a municipal authority, such as the City of Long Beach, that authority is required by law to provide notice to the vehicle owner and an opportunity to obtain a post-impound hearing at which the municipality bears the burden "of establishing the authority for, and the validity of, the removal", pursuant to California Vehicle Code §22852, which provides as follows:

(a)      Whenever an authorized member of a public agency directs the storage of a vehicle, as permitted by this chapter, or upon the storage of any  vehicle as permitted herein  (except as provided in subdivision (f) or (g)), the agency or person directing the storage shall provide the vehicle's registered and legal owners of record, or their agents, with the opportunity for a poststorage hearing to determine the validity of the storage.

(b)     A notice of the storage shall be mailed or personally delivered to the registered and legal owners within 48 hours, excluding weekends and holidays, and shall include all of the following information:

(1)     The name, address, and telephone number of the agency providing the notice.

(2)     The location of the place of storage and description of the vehicle, which shall include, if available, the name or make, the manufacturer, the license plate number, and the mileage.

(3)     The authority and purpose for the removal of the vehicle.

(4)     A statement that, in order to receive their poststorage hearing, the owners, or their agents, shall request the hearing in person, writing, or by telephone within 10 days of the date appearing on the notice.

(c)     The poststorage hearing shall be conducted within 48 hours of the request, excluding weekends and holidays. The public agency may authorize its own officer or employee to conduct the hearing if the hearing officer is not the same person who directed the storage of the vehicle.

(d)     Failure of either the registered or legal owner, or his or her agent, to request or to attend a scheduled hearing shall satisfy the poststorage hearing requirement.

(e)     The agency employing the person who directed the storage shall be responsible for the costs incurred for towing and

storage if it is determined in the poststorage hearing that reasonable grounds for the storage are not established.

(f)     This section does not apply to vehicles abated under the Abandoned Vehicle Abatement Program pursuant to Sections 22660 to 22668, inclusive, and Section 22710, or to vehicles impounded for investigation pursuant to Section 22655, or to vehicles removed from private property pursuant to Section 22658.

(g)     This section does not apply to abandoned vehicles removed pursuant to Section 22669 which are determined by the public agency to have an estimated value of three hundred dollars ($300) or less.

6.     In 2009, the City of Long Beach adopted an ordinance, Long Beach Municipal Code §10.18.050, to regulate "mobile billboard advertising." That ordinance provides as follows:

A.     Purpose. The purpose of this Section is to eliminate billboard advertising in the City in order to promote the safe movement of vehicular traffic, to reduce air pollution and to improve the aesthetic appearance of the City.

B.     General requirements. It is unlawful for any person to conduct, or cause to be conducted, any mobile billboard advertising upon any street, or other public place within the City in which the public has the right of travel.

C.     Parking. It is unlawful for any person to conduct or cause to be conducted by stopping, standing or parking, any mobile

billboard advertising upon any street, or other public place within the City in which the public has the right of travel.

        D.     Definition. Mobile billboard advertising includes any vehicle or wheeled conveyance which carries, conveys, pulls or transports any sign or billboard for the primary purpose of advertising.

        E.     Exemptions. This Section shall not apply to:

        1.     Any vehicle which displays any advertisement or business identification of its owner, so long as such vehicle is engaged in the usual business or regular work of the owner, and not used merely, mainly or primarily to display advertisements;

        2.     Buses; or

        3.     Taxicabs.

There is no ordinance adopted by the City of Long Beach specifying that the penalties for a violation of Section §10.18.050 may include removal and impound of the offending vehicle.

7.     In 2014, the City of Long Beach adopted an ordinance, Long Beach Municipal Code §21.54.125, subdivision (A), also regulating "mobile billboards." The ordinance provides in relevant part as follows:

      As set forth in Section 21.54.110, any type or location of billboard development not specifically permitted by this Chapter shall be prohibited. Additionally, the following types of prohibited billboards are specified for clarity. However, this shall not limit the types of prohibited billboards to those described below:

A. Mobile billboards. Any billboard installed upon, mounted, attached, or applied to any vehicle, non-motorized vehicle, bicycle, scooter, or trailer whose primary purpose is conveyance, transportation, or support of the billboard message surface shall be prohibited from any display or placement on public or private property or the public right-of-way in a manner making it visible from any other public or private property or the public right-of-way;…

There is no ordinance adopted by the City of Long Beach specifying that the penalties for a violation of Section §21.54.125 may include removal and impound of the offending vehicle.

8.    In 2013, the City of Long Beach adopted an ordinance, Long Beach Municipal Code §21.44.600, subdivision (H), to regulate "Vehicle Signs." Chapter 21.44 of the Long Beach Municipal Code specifies that it regulates "On-Premises Signs". Section 21.44.600 provides in relevant part as follows:

The following signs shall be prohibited:

* * *

H. Vehicle Signs. Signs identifying a business shall not be affixed to or placed in or on vehicles parked in the public right-of-way or on private property in a manner such that the vehicle functions as a sign for the business. This regulation shall not apply to buses and taxicabs legally operating within the City limits, or to other permitted uses regulated under other titles of the Municipal Code. However, mobile billboards are prohibited in Chapter 21.54 (Billboards).

Stipulation of Facts re Motion for Summary Judgment - 10

There is no ordinance adopted by the City of Long Beach specifying that the penalties for a violation of Section §21.44.600 may include removal and impound of the offending vehicle.

9. Plaintiff Hit & Miss was and is the owner of a quantity of utility trailers. The trailers are non-motorized vehicles, constructed and sold by their manufacturer to Hit & Miss, and to other businesses, to be hitched to motor vehicles for use in transporting property and equipment. Each of the utility trailers was and is registered with the California Department of Motor Vehicles, and each bears a vehicle license and Vehicle Identification Number [VIN]. Hit & Miss has utilized its utility trailers for the purpose of storing and transporting property and materials used in its business, including cleaning supplies and related equipment, and has at various times parked those trailers within the City of Long Beach. The trailers also bear messages, signage, and advertising painted or otherwise affixed their exteriors.

10. Plaintiff Sami Ammari has also utilized motor vehicles (vans) for the purpose of storing and transporting persons, property and materials used in his businesses. Those vehicles also bear messages, signage, and advertising painted, "wrapped," or otherwise permanently affixed to their exteriors. When the vehicles are not in active use in other aspects of the businesses, they have been parked on public streets, including at locations in the City of Long Beach.

11. On or about May 8, 2018, the Office of the City Attorney of the City of Long Beach transmitted a letter to plaintiff Hit & Miss, over the signature of Deputy City Attorney Sarah E. Green. A true and correct copy of the City's letter is attached to this Stipulation, designated as Exhibit "A", and incorporated by this reference as though set forth in full at this point. In that letter, the City asserted

Stipulation of Facts re Motion for Summary Judgment - 11

that its investigation had determined that plaintiff Hit & Miss's utility trailers "are being used primarily for advertisement purposes and are therefore prohibited in the City of Long Beach." The letter further stated:

[Y]our use of the above-referenced vehicles as a 'mobile billboard advertising vehicles' is prohibited. We hereby demand that you discontinue these uses of the vehicle by removing the vehicle from all public right-of-ways immediately and/or by immediately detaching the signs attached to the sides of the vehicle. **If the unlawful use of the vehicles described above is not discontinued immediately, the City will have no choice but to remove your vehicles from the public right-of-way by having them impounded. No further notice will be provided for future violations; these vehicles will continue to be removed from the public right of way by impounding.**

(Emphasis in original.)

12.     Beginning on or about May 18, 2018, and continuing thereafter, the defendant City has, on an ongoing and recurring basis, impounded and removed, or threatened to impound and remove, plaintiffs' utility trailers and motor vehicles from locations within the City. On each occasion, the removed trailer was parked at a location and at a time of day when parking of any other vehicle was entirely lawful, and the seizure was made on the purported authority of Long Beach Municipal Code §10.18.050, §21.54.125, §21.44.600, or some combination of those.

14.     The City of Long Beach, through its City Prosecutor's Office, commenced criminal prosecutions against plaintiff Sami Ammari on January 7,

Stipulation of Facts re Motion for Summary Judgment - 12

2019, and twice on February 27, 2019, under Los Angeles Superior Court Case Numbers LB 8LB05997, LB 9LB00984, and LB 9LB00943. Each of the three criminal cases included charges pursuant to Long Beach Municipal Code sections 21.44.600(H) and 21.54.125(A), as well as other allegations that were subsequently withdrawn, not prosecuted, or dismissed. On or about April 24, 2019, all of the charges under the billboard/sign-related ordinances were resolved by a Deferred Entry of Judgment. Pursuant to the terms of that agreement, judgment and sentencing is deferred for 36 months. Further, pursuant to the Deferred Entry of Judgment, if any State or Federal Court subsequently determines that §21.44.600(H) or §21.54.125(A) is invalid, or issues an order enjoining enforcement of those ordinances, then a hearing will be held to determine whether the Deferred Entry of Judgment should be terminated early, or the cases dismissed. True and correct copies of the three criminal complaints are attached to this Stipulation, designated collectively as Exhibit "B", and incorporated by this reference as though set forth in full at this point. A true and correct copy of the Deferred Entry of Judgment is attached to this Stipulation, designated as Exhibit "C", and incorporated by this reference as though set forth in full at this point.

SO STIPULATED.

DATED: September 29, 2020

WALLACE, BROWN & SCHWARTZ

/s George M. Wallace

by GEORGE M. WALLACE
Attorneys for Plaintiff

Stipulation of Facts re Motion for Summary Judgment - 13

DATED: September 29, 2020

CHARLES PARKIN, City Attorney

/s Kyle R. Bevan

by KYLE R. BEVAN, Deputy City Attorney
Attorneys for Defendant CITY OF LONG BEACH

**OFFICE OF THE CITY ATTORNEY**

*Long Beach, California*

**CHARLES PARKIN**
*City Attorney*

**MICHAEL J. MAIS**
*Assistant City Attorney*

**MONTE H. MACHIT**
*Assistant City Attorney*

*Gary J. Anderson*
*Charles M. Gale*
*Anne C. Lattime*

*C. Geoffrey Allred*
*Richard F. Anthony*
*William R. Baerg*
*LaTasha N. Corry*
*Haleh R. Jenkins*
*Monica J. Kilaita*
*Nicholas J. Masero*
*Dawn A. McIntosh*
*Barbara J. McTigue*
*Lauren E. Misajon*
*Katrina R. Pickett*
*Howard D. Russell*
*Arturo D. Sanchez*
*Victoria A. Silcox*
*Linda T. Vu*
*Amy R. Webber*
*Theodore B. Zinger*

May 8, 2018

**VIA CERTIFIED MAIL**

Hit & Miss Enterprises, Inc.
Jamileh Ammari
9663 Santa Monica Boulevard, Suite 535
Beverly Hills, CA 90210

## FINAL WARNING CITATION

RE:   Mobile Billboard Advertising Vehicles

Dear Hit & Miss Enterprises, Inc.:

This letter is intended to serve as a final warning citation for your mobile billboard advertising vehicles located within the jurisdiction of the City of Long Beach. Based upon our investigation of the license and vehicle identification numbers, we have determined that your company is the registered owner of these vehicles.

Your vehicles have been observed to be consistently parked on the public right-of-way within the City of Long Beach. Your vehicles contain advertisements and these advertising signs are attached to sides of the trailers. These vehicles have only been observed to be parked along the street and their primary purpose is conveyance of the advertisement. As a result of our investigation of your vehicles, it is clear that your vehicles are being used primarily for advertisement purposes and are therefore prohibited in the City of Long Beach.

As a result, pursuant to the California Vehicle Code (CVC) 22651(v) (1) and (2), your vehicles will be removed from the public right-of-way as they are operating as a mobile advertising display. CVC 22651 (v) (1) and (2) state in pertinent part:

"A peace officer... of a city, county, or jurisdiction of a state agency in which a vehicle is located, may remove a vehicle located within the territorial limits in which the officer or employee may act, under the following circumstances:

(v) (1) When a vehicle is a mobile billboard advertising display, as defined in Section 395.5, and is parked or left sta~        n of a local resolution or ordinance adopted pursuant to subdivis¡        ₥ 21100, if the registered owner of the

*City Hall* 333 West Ocean Boulevard, F        ᵣₙia 90802-4664 (562) 570-2200 Fax (562) 436-1579
↗↗↗↗↗        245 Fax (562) 570-2220

**Exhibit "A" - 1 of 2**

Hit & Miss Enterprises, Inc.
Jamileh Ammari
May 8, 2018
Page 2

vehicle was previously issued a warning citation for the same offense, pursuant to paragraph (2).

(2) Notwithstanding subdivision (a) of Section 22507, a city or county, in lieu of posting signs noticing a local ordinance prohibiting mobile billboard advertising displays adopted pursuant to subdivision (m) of Section 21100, may provide notice by issuing a warning citation advising the registered owner of the vehicle that he or she may be subject to penalties upon a subsequent violation of the ordinance, that may include the removal of the vehicle as provided in paragraph (1). A city or county is not required to provide further notice for a subsequent violation prior to the enforcement of penalties for a violation of the ordinance."

Further, pursuant to the relevant provision of Long Beach Municipal Code ("LBMC") Sections 10.18.050, these vehicles are being operated as a "mobile billboard advertising vehicle," which are prohibited by this section. LBMC 10.18.050(c) states in pertinent part:

"Parking. It is unlawful for any person to conduct or cause to be conducted by stopping, standing or parking, any mobile billboard advertising upon any street, or other public place within the City in which the public has the right to travel."

Based upon these sections, your use of the above-referenced vehicles as a "mobile billboard advertising vehicles" is prohibited. We hereby demand that you discontinue these uses of the vehicle by removing the vehicle from all public right-of-ways immediately and/or by immediately detaching the signs attached to the sides of the vehicle. **If the unlawful use of the vehicles described above is not discontinued immediately, the City will have no choice but to remove your vehicles from the public right-of-way by having them impounded. No further notice will be provided for future violations; these vehicles will continue to be removed from the public right-of-way by impounding.**

Should you have any questions regarding the contents of this letter, please feel free to contact Deputy City Attorney, Sarah E. Green, at (562) 570-2200.

Very truly yours,

CHARLES PARKIN, City Attorney

By:

SARAH E. GREEN
Deputy City Attorney

SEG:mb
A16-00098
00844327.docx

Ecc:
Michael Mais, Assistant City Attorney
Stacy Mungo, Councilwoman 5th District
Daryl Supernaw, Councilman 4th District
Dean Pimentel, Patrol Resource Officer

DEFENDANT COPY

SUPERIOR COURT OF STATE OF CALIFORNIA FOR THE

COUNTY OF LOS ANGELES

THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                            )
                            Plaintiff, )     CASE NO. **8LB05997**
                                            )
vs.                                             )     COMPLAINT
                                            )
SAMI FARAH AMMARI,               )     3SP
                                            )     PROOF
                           Defendant. )

## COUNT NO. 1

I, the undersigned, complain that upon information and belief, on or about <u>December 13, 2018</u>, in the City of Long Beach, County of Los Angeles, State of California, misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully transact and carry on a business, trade, profession, calling or occupation, as defined in Section 3.80.133 of the Long Beach Municipal Code, and not rendering services as an employee to his/her employer, within the City of Long Beach, to wit, CITY OF LONG BEACH, without first having procured a license from said city to do so and without paying the required tax, in violation of Section **3.80.210** of the Municipal Code of the City of Long Beach.

## COUNT NO. 2

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about <u>December 13, 2018</u>, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully utilized a mobile billboard. Installed upon, mounted, attached, or applied to any vehicle, non-motorized vehicle, bicycle, scooter, or trailer whose primary purpose is conveyance, transportation, or support of the billboard message surface and is prohibited from any display or placement on public or private property or the public right-of-way; in violation of Section **21.54.125(a)** of the Municipal Code of the City of Long Beach.

DEFEN
COPY

Defendant: SAMI FARAH AMMARI                                    Case No. 8LB05997

## COUNT NO. 3

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about <u>December 13, 2018</u>, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully, display a vehicle sign. Identifying a business affixed to or placed in or on a vehicles parked in the public right-of-way or on private property in a manner such that the vehicle functions as a sign for the business in violation of Section **21.44.600(H)** of the Municipal Code of the City of Long Beach.

## COUNT NO. 4

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about <u>December 05, 2018</u>, in the City of Long Beach, County of Los Angeles, State of California,  misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully transact and carry on a business, trade, profession, calling or occupation, as defined in Section 3.80.133 of the  Long Beach Municipal Code,  and not rendering services as an employee to his/her employer, within the City of Long Beach, to wit, CITY OF LONG BEACH, without first having procured a license from said city to do so and without paying the required tax, in violation of Section **3.80.210** of the Municipal Code of the City of Long Beach.

Defendant: SAMI FARAH AMMARI                                    Case No. 8LB05997

DEFENSE COPY

## COUNT NO. 5

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about <u>December 05, 2018</u>, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully utilized a mobile billboard. Installed upon, mounted, attached, or applied to any vehicle, non-motorized vehicle, bicycle, scooter, or trailer whose primary purpose is conveyance, transportation, or support of the billboard message surface and is prohibited from any display or placement on public or private property or the public right-of-way; in violation of Section **21.54.125(a)** of the Municipal Code of the City of Long Beach.

## COUNT NO. 6

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about <u>December 05, 2018</u>, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully, display a vehicle sign. Identifying a business affixed to or placed in or on a vehicles parked in the public right-of-way or on private property in a manner such that the vehicle functions as a sign for the business in violation of Section **21.44.600(H)** of the Municipal Code of the City of Long Beach.

## COUNT NO. 7

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about <u>December 26, 2018</u>, in the City of Long Beach, County of Los Angeles, State of California, misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully transact and carry on a business, trade, profession, calling or occupation, as defined in Section 3.80.133 of the Long Beach Municipal Code, and not rendering services as an employee to his/her employer, within the City of Long Beach, to wit, CITY OF LONG BEACH, without first having procured a license from said city to do so and without paying the required tax, in violation of Section **3.80.210** of the Municipal Code of the City of Long Beach.

DEFENSE
COPY

Defendant: SAMI FARAH AMMARI                                    Case No. 8LB05997

## COUNT NO. 8

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about December 26, 2018, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully utilized a mobile billboard. Installed upon, mounted, attached, or applied to any vehicle, non-motorized vehicle, bicycle, scooter, or trailer whose primary purpose is conveyance, transportation, or support of the billboard message surface and is prohibited from any display or placement on public or private property or the public right-of-way; in violation of Section **21.54.125(a)** of the Municipal Code of the City of Long Beach.

## COUNT NO. 9

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about December 26, 2018, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully, display a vehicle sign. Identifying a business affixed to or placed in or on a vehicles parked in the public right-of-way or on private property in a manner such that the vehicle functions as a sign for the business in violation of Section **21.44.600(H)** of the Municipal Code of the City of Long Beach.

Page 4
Complaint                    Exhibit "B" - Page 4 of 14



DEFENSE COPY

Defendant: SAMI FARAH AMMARI                                         Case No. 8LB05997

All of which is contrary to the form, force and effect of the statute in such cases made and provided and against the peace and dignity of the People of the State of California.

Said complainant therefore prays that a warrant be issued for the arrest of the said defendant and that said defendant may be dealt with according to law. A declaration in support of the issuance of an arrest warrant is submitted. This complaint is based on the facts and circumstances in DR# A4103954.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on DECEMBER 26, 2018 mep, at Long Beach, California.

Date of Occurrence: 12/13/2018
**Arraignment: 1/8/2019, Dept. S09**

_____
LORI VOSS                                          Declarant

SAMI FARAH AMMARI                          BKG #: A4103954
ADDRESS: 5404 WHITSETT AVE                OPER LIC #: A4103954
VALLEY VILLAGE, CA  91607
DOB: 6/3/1971
SEX: MALE              RACE: OTHER
HAIR: BROWN         EYES: BLUE
HEIGHT: 6' 1"          WEIGHT: 300
Filing Deputy City Prosecutor: **Calvin Raymond George**

Plaintiff, the People of the State of California, hereby requests discovery/disclosure from the defendant(s) and his or her attorney(s) in this case pursuant to Penal Code Sections 1054.3 and 1054.5.

YOU ARE HEREBY NOTIFIED that if complete disclosure is not made within 15 days of this request, plaintiff will seek - - on or before the next court date, or as soon as practicable thereafter - - a court order enforcing the provisions of Penal Code Section 1054.1, subdivisions (b) and (c). This is an ongoing request for any of the listed items which become known to the defendant(s) and his or her attorney(s) after the date of compliance.

The written statements and reports attached hereto constitute discoverable materials designated in Penal Code Section 1054.1. Any additional material discoverable pursuant to Penal Code Section 1054.1 that becomes known to plaintiff will be provided to the defense.

If, prior to or during trial, as a result of this request plaintiff obtains additional evidence or material subject to disclosure under a previous defense request or court order pursuant to Penal Code Section 1054.1, plaintiff will disclose the existence of that evidence or material within a reasonable time.

SUPERIOR COURT OF STATE OF CALIFORNIA FOR THE

COUNTY OF LOS ANGELES

THE PEOPLE OF THE STATE OF CALIFORNIA,   )
                                    )

                     Plaintiff,   )       CASE NO. 9LB00943
                                    )

vs.                                )       **AMENDED COMPLAINT**
                                    )

SAMI FARAH AMMARI,                )

                                    )

                   Defendant.   )

## COUNT NO. 1

I, the undersigned, complain that upon information and belief, on or about <u>February 12, 2019</u>, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully transact and carry on a business, trade, profession, calling or occupation, as defined in Section 3.80.133 of the Long Beach Municipal Code, and not rendering services as an employee to his/her employer, within the City of Long Beach, to wit, <u>PINK MOBILE VAN LICENSE# DP531TJ,</u> without first having procured a license from said city to do so and without paying the required tax, in violation of Section **3.80.210** of the Municipal Code of the City of Long Beach.

Defendant: SAMI FARAH AMMARI

Case No. 9LB00943
**AMENDED**
**COMPLAINT**

## COUNT NO. 2

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about <u>February 12, 2019</u>, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully, to wit; <u>PINK MOBILE VAN LICENSE# DP531TJ</u>, display a vehicle sign.  Identifying a business affixed to or placed in or on a vehicles parked in the public right-of-way or on private property in a manner such that the vehicle functions as a sign for the business in violation of Section **21.44.600(H)** of the Municipal Code of the City of Long Beach.

## COUNT NO. 3

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about <u>February 12, 2019</u>, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully to wit;  <u>PINK MOBILE VAN LICENSE# DP531TJ</u>, utilized a mobile billboard.  Installed upon, mounted, attached, or applied to any vehicle, non-motorized vehicle, bicycle, scooter, or trailer whose primary purpose is conveyance, transportation, or support of the billboard message surface and is prohibited from any display or placement on public or private property or the public right-of-way; in violation of Section **21.54.125(a)** of the Municipal Code of the City of Long Beach.

Exhibit "B" - Page 7 of 14

Defendant: SAMI FARAH AMMARI

Case No. 9LB00943
**AMENDED
COMPLAINT**

## COUNT NO. 4

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about February 12, 2019, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully transact and carry on a business, trade, profession, calling or occupation, as defined in Section 3.80.133 of the Long Beach Municipal Code, and not rendering services as an employee to his/her employer, within the City of Long Beach, to wit, PINK MOBILE VAN LICENSE# 8ELT284, without first having procured a license from said city to do so and without paying the required tax, in violation of Section **3.80.210** of the Municipal Code of the City of Long Beach.

## COUNT NO. 5

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about February 12, 2019, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully, to wit; PINK MOBILE VAN LICESE# 8ELT284, display a vehicle sign. Identifying a business affixed to or placed in or on a vehicles parked in the public right-of-way or on private property in a manner such that the vehicle functions as a sign for the business in violation of Section **21.44.600(H)** of the Municipal Code of the City of Long Beach.

Defendant: SAMI FARAH AMMARI

Case No. 9LB00943
**AMENDED
COMPLAINT**

## COUNT NO. 6

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about <u>February 12, 2019</u>, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully, to wit; <u>PINK MOBILE VAN LICENSE# 8ELT284</u>, utilized a mobile billboard.  Installed upon, mounted, attached, or applied to any vehicle, non-motorized vehicle, bicycle, scooter, or trailer whose primary purpose is conveyance, transportation, or support of the billboard message surface and is prohibited from any display or placement on public or private property or the public right-of-way; in violation of Section **21.54.125(a)** of the Municipal Code of the City of Long Beach.

All of which is contrary to the form, force and effect of the statute in such cases made and provided and against the peace and dignity of the People of the State of California.

Said complainant therefore prays that a warrant be issued for the arrest of the said defendant and that said defendant may be dealt with according to law.  A declaration in support of the issuance of an arrest warrant is submitted.  This complaint is based on the facts and circumstances in <u>DR# 190008064</u>.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>FEBRUARY 25, 2019</u> tm, at Long Beach, California.

Date of Occurrence: 2/12/2019
**Arraignment:  3/11/2019, Dept. S011**

**AMENDED COMPLAINT TO CHANGE DATE OF OCCURRENCE: 2/12/2019**

Exhibit "B" - Page 9 of 14

ORIGINAL

SUPERIOR COURT OF STATE OF CALIFORNIA FOR THE

COUNTY OF LOS ANGELES

THE PEOPLE OF THE STATE OF CALIFORNIA,    )
                                                    )

                          Plaintiff,   )      CASE NO. 9LB00984
                                                    )

vs.                                      )      **AMENDED COMPLAINT**

                                                    )

SAMI FARAH AMMARI,                  )

                                                    )

                        Defendant.   )

_____)

### COUNT NO. 1

I, the undersigned, complain that upon information and belief, on or about <u>February 26, 2019,</u> in the City of Long Beach, County of Los Angeles, State of California,  misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully transact and carry on a business, trade, profession, calling or occupation, as defined in Section 3.80.133 of the  Long Beach Municipal Code,  and not rendering services as an employee to his/her employer, within the City of Long Beach, to wit, <u>PINK MOBILE VAN LICENSE# DP531TJ,</u> without first having procured a license from said city to do so and without paying the required tax, in violation of Section **3.80.210** of the Municipal Code of the City of Long Beach.

Defendant: SAMI FARAH AMMARI                                    Case No. 9LB00984

## COUNT NO. 2

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about February 26, 2019, in the City of Long Beach, County of Los Angeles, State of California,  a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully, to wit; PINK MOBILE VAN LICENSE# DP531TJ, display a vehicle sign.  Identifying a business affixed to or placed in or on a vehicles parked in the public right-of-way or on private property in a manner such that the vehicle functions as a sign for the business in violation of Section **21.44.600(H)** of the Municipal Code of the City of Long Beach.

## COUNT NO. 3

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about February 26, 2019, in the City of Long Beach, County of Los Angeles, State of California,  a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully, to wit; PINK MOBILE VAN LICENSE# DP531TJ, utilized a mobile billboard.  Installed upon, mounted, attached, or applied to any vehicle, non-motorized vehicle, bicycle, scooter, or trailer whose primary purpose is conveyance, transportation, or support of the billboard message surface and is prohibited from any display or placement on public or private property or the public right-of-way; in violation of Section **21.54.125(a)** of the Municipal Code of the City of Long Beach.

Defendant: SAMI FARAH AMMARI                                    Case No. 9LB00984

## COUNT NO. 4

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about February 26, 2019, in the City of Long Beach, County of Los Angeles, State of California, misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully transact and carry on a business, trade, profession, calling or occupation, as defined in Section 3.80.133 of the Long Beach Municipal Code, and not rendering services as an employee to his/her employer, within the City of Long Beach, to wit, PINK MOBILE VAN LICENSE# 8ELT284, without first having procured a license from said city to do so and without paying the required tax, in violation of Section **3.80.210** of the Municipal Code of the City of Long Beach.

## COUNT NO. 5

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about February 26, 2019, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully, to wit; PINK MOBILE VAN LICENSE# 8ELT284, display a vehicle sign. Identifying a business affixed to or placed in or on a vehicles parked in the public right-of-way or on private property in a manner such that the vehicle functions as a sign for the business in violation of Section **21.44.600(H)** of the Municipal Code of the City of Long Beach.

Defendant: SAMI FARAH AMMARI                                          Case No. 9LB00984

## COUNT NO. 6

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about February 26, 2019, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully to wit; PINK MOBILE VAN LICENSE# 8ELT284, utilized a mobile billboard. Installed upon, mounted, attached, or applied to any vehicle, non-motorized vehicle, bicycle, scooter, or trailer whose primary purpose is conveyance, transportation, or support of the billboard message surface and is prohibited from any display or placement on public or private property or the public right-of-way; in violation of Section **21.54.125(a)** of the Municipal Code of the City of Long Beach.

## COUNT NO. 7

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about February 27, 2019, in the City of Long Beach, County of Los Angeles, State of California, misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully transact and carry on a business, trade, profession, calling or occupation, as defined in Section 3.80.133 of the Long Beach Municipal Code, and not rendering services as an employee to his/her employer, within the City of Long Beach, to wit, PINK MOBILE VAN LICENSE# DP519TJ, without first having procured a license from said city to do so and without paying the required tax, in violation of Section **3.80.210** of the Municipal Code of the City of Long Beach.

Page 4
Complaint                                          Exhibit "B" - Page 13 of 14

Defendant: SAMI FARAH AMMARI                                        Case No. 9LB00984

## COUNT NO. 8

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about February 27, 2019, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully, to wit; PINK MOBILE VAN LICENSE# DP519TJ, display a vehicle sign. Identifying a business affixed to or placed in or on a vehicles parked in the public right-of-way or on private property in a manner such that the vehicle functions as a sign for the business in violation of Section **21.44.600(H)** of the Municipal Code of the City of Long Beach.

## COUNT NO. 9

For a further and separate count and cause of action against said defendant, said complainant being duly sworn upon information and belief, on or about February 27, 2019, in the City of Long Beach, County of Los Angeles, State of California, a misdemeanor was committed by said defendant(s) who then and there did willfully and unlawfully to wit; PINK MOBILE VAN LICENSE# DP519TJ, utilized a mobile billboard. Installed upon, mounted, attached, or applied to any vehicle, non-motorized vehicle, bicycle, scooter, or trailer whose primary purpose is conveyance, transportation, or support of the billboard message surface and is prohibited from any display or placement on public or private property or the public right-of-way; in violation of Section **21.54.125(a)** of the Municipal Code of the City of Long Beach.

**Deferred Entry of Judgment (DEJ) Terms**

Case 8LB05997
Case 9LB00943
Case 9LB00984

Defendant will enter a plea of "guilty" or "no contest" to the following counts:

- Case 8LB05997, Counts 2, 3, 5, 6
- Case 9LB00943, Counts 2, 3, 5, 6
- Case 9LB00984, Counts 2, 3, 5, 6, 8, 9

Judgment and sentencing will be deferred for 36 months, subject to the following terms and conditions:

1. Dismissal of remaining counts.  All counts in cases 8LB05997, 9LB00943, and 9LB00984 (collectively, "Long Beach Cases"), except for those above, shall be dismissed.
2. Obey all laws, including mobile billboard laws.  Defendant shall obey all laws, and specifically, all Long Beach zoning and signage laws, including LBMC 21.54.125(a) and 21.44.600(h), which prohibit the mobile billboards Defendant was operating in the Long Beach Cases.
3. Later ruling on LBMC.  Notwithstanding #2, above, Defendant shall be relieved of the condition that he obey LBMC 21.54.125(a) and 21.44.600(h), if an order is later issued in State or Federal Court enjoining the City of Long Beach from enforcing LBMC 21.54.125(a) and 21.44.600(h), or holding these sections invalid, and if such order or ruling would have barred the prosecution of the Long Beach Cases.  In addition, the parties stipulate that, in the event of such an order or ruling, a hearing in the present cases would be held to determine whether DEJ in the Long Beach Cases should be terminated early and/or dismissed.
4. Litigation with other cities.  Since cities and counties have different ordinances regulating mobile billboards, it is possible that Defendant will receive a citation or charge for operating mobile billboards in a city or county other than Long Beach.  In such event, the Long Beach City Prosecutor shall only pursue a violation of DEJ in the Long Beach Cases if the ordinance violated is clearly Constitutional and the charges against Defendant are correct.  Both parties agree that, ultimately, it will be up to the judge in the Long Beach Cases to determine if these DEJ terms have been violated.
5. Pre-Existing Cases.  Defendant has a case in Burbank that existed prior to the filing of these 3 cases.  The parties agree a conviction in the case in Burbank, and any other case filed prior to March 11, 2019, shall not constitute a violation of DEJ in this case.
6. Payment to Nonprofits in lieu of Court Fine.  In lieu of a court fine, defendant shall donate the sum of $2,706.00 to each of the following: (a) Long Beach Bar Foundation, (b) Long Beach Community Foundation, and (c) Long Beach Education Foundation, for a total of $8,118.00.  Proof of payment shall be presented to the City Prosecutor's Office within 90 calendar days of the date of plea.

Exhibit "C" - Page 1 of 1