George M. Wallace -- Cal. Bar No. 101472
WALLACE, BROWN & SCHWARTZ
215 North Marengo Avenue
Third Floor
Pasadena, California 91101-1504
 (626) 844-6777; Fax (626) 795-0353
Email: gwallace@wbslaw.com

Attorney for Plaintiffs HIT & MISS, ENTERPRISES, INC., a California corporation; and SAMI AMMARI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIT & MISS, ENTERPRISES, INC., a California corporation; SAMI AMMARI, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LONG BEACH, <br><br> Defendant. | Case No.: **2:18-cv-09996-PSG-JEM** <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE/OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT OF DEFENDANT CITY OF LONG BEACH** <br><br> DATE:           January 11, 2021 <br> TIME:           1:30 p.m. <br> COURTROOM:  6A |

Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment of Defendant City of Long Beach - 1

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** ....................................2

*Introduction: Scope of This Memorandum* ...........................................*2*

*Legal Argument*.................................................................................*3*

*I.   The City of Long Beach Has Not Contested That Its 'Mobile Billboard" Ordinances Constitute a Content-Based Restriction on Speech, and Has Made No Showing That Those Restrictions Can Withstand Strict Scrutiny Review* .........................................*3*

*II   Plaintiffs' Fourth and Fourteenth Amendment Rights Have Been Violated in Connection with Each Seizure or Other Action Against Plaintiffs' Vehicles*..................................................*4*

*Conclusion* ........................................................................................*7*

# TABLE OF AUTHORITIES

## Cases

*Boyer v. City of Simi Valley,* 978 F.3d 618 (9th Cir. 2020) .................................3, 4

*Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 827 F.3d 1192

   (9th Cir. 2016) .........................................................................................................3

*Metromedia, Inc v. City of San Diego*, 453 U.S. 490, 101 S.Ct. 2882 (1981) ........4

*Nat'l Adver. Co. v. City of Orange*, 861 F.2d 246 (9th Cir. 1988) .........................4

*Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45,

   103 S.Ct. 948 (1983) ..............................................................................................4

*Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 135 S. Ct. 2218 (2015) ...................4

## Statutes

California Vehicle Code §22650 ...............................................................................5

## MEMORANDUM OF POINTS AND AUTHORITIES

### *Introduction: Scope of This Memorandum*

The parties to this case have filed cross-motions for full or partial summary judgment, largely on the basis of a stipulation concerning the material facts. The issues framed by the pleadings primarily present questions of law, and a determination of those questions based on the agreed facts will assist the parties in determining whether this case can best be concluded by a return to mediation, or by setting the case for trial.

Although there are triable issues concerning matters such as damages that may preclude summary judgment of the case in its entirety, the plaintiffs have demonstrated in their own Motion for Summary Judgment that the undisputed facts contained in the parties' Stipulation entitle the plaintiffs to relief as a matter of law, by injunction, declaratory judgment, and damages. The Motion for Summary Judgment on behalf the defendant City of Long Beach does not directly refute most of the plaintiffs' positions. It addresses some of those positions obliquely, and frames some others differently from plaintiffs' framing.

This opposition memorandum is not intended to repeat legal arguments already presented in the plaintiffs' moving papers. Rather, this memorandum will address principally the issues raised by the City that have not been directly argued in the plaintiffs' prior filing.

*Legal Argument*

**I.    The City of Long Beach Has Not Contested That Its 'Mobile Billboard" Ordinances Constitute a Content-Based Restriction on Speech, and Has Made No Showing That Those Restrictions Can Withstand Strict Scrutiny Review**

In arguing that the plaintiffs' claims arising from violation of their free speech rights under the First Amendment are unfounded, the City relies primarily on the case of *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 827 F.3d 1192 (9th Cir. 2016) ["*Lone Star*"], which has been discussed at length in the plaintiffs' moving papers. In that case, the 9th Circuit upheld the constitutional propriety of restrictions on "mobile billboard advertising displays," so long as they are drafted consistently with the provisions of the California Vehicle Code. Those ordinances, the 9th Circuit found, are considered content-neutral "time, place and manner" restrictions, subject to intermediate scrutiny.

*Lone Star* concerned itself with blanket prohibitions on *all* "mobile billboard advertising", and held such restrictions to be content-neutral when they applied to all such vehicles, regardless of the message being communicated. More recently, the 9th Circuit has returned to mobile billboard ordinances in the case of *Boyer v. City of Simi Valley,* 978 F.3d 618 (9th Cir. 2020) ["*Boyer*"], in which it held that an ordinance banning mobile billboard advertising displays *with exceptions* for certain classes of speaker or certain types of communications became, by virtue of those receptions, a content-based regulation subject to strict scrutiny. The *Boyer* panel further affirmed that all content-based restrictions, whether based on the identity of the message or the identity of the speaker, must

satisfy strict scrutiny. *Boyer*, *supra*, 978 F.3d 618, 622-23, citing *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 170-171, 135 S. Ct. 2218 (2015). That is, they can only be upheld and enforced when they are "necessary to serve a compelling state interest and … narrowly drawn to achieve that end." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45, 103 S.Ct. 948 (1983). Municipal interests "in traffic safety and aesthetics," such as are relied on by the City of Long Beach, "while 'substantial,' [fall] shy of 'compelling.'" See, e.g., *Nat'l Adver. Co. v. City of Orange*, 861 F.2d 246, 249 (9th Cir. 1988), citing *Metromedia, Inc v. City of San Diego*, 453 U.S. 490, 101 S.Ct. 2882 (1981).

The burden of establishing that a speech restriction satisfies a strict scrutiny test lies on the City. It has not made any effort to carry that burden, and it is unlikely that it could do so. Each of the seizures, and other enforcement actions, directed against plaintiffs and their vehicles constituted an interference with their speech rights guaranteed by the First Amendment, and a violation of their civil rights.

### II  Plaintiffs' Fourth and Fourteenth Amendment Rights Have Been Violated in Connection with Each Seizure or Other Action Against Plaintiffs' Vehicles

The California Vehicle Code recognizes that the seizure and removal of a vehicle under color of law, as has occurred repeatedly to plaintiffs pursuant to the Long Beach "mobile billboard" ordinances, must not be unreasonable and must be attended by due process protections. Section 22650 of the Vehicle Code specifies that no such removal of a vehicle can occur except in circumstances expressly authorized in the Code. California law also specifies that the owners of

impounded vehicles must be granted a right to a post-impound hearing, at which the burden is on the impounding municipality to establish the substantive propriety of the seizure. As amended effective January 1, 2019, Vehicle Code §22650, makes plain that the limitations on the circumstances under which vehicles may be taken into custody, and the requirement of a meaningful post-impound hearing, are intended to ensure compliance with constitutional requirements:

> (a) It is unlawful for a peace officer or an unauthorized person to remove an unattended vehicle from a highway to a garage or to any other place, except as provided in this code.

> (b) **Any removal of a vehicle is a seizure under the Fourth Amendment of the Constitution of the United States** and Section 13 of Article I of the California Constitution, and shall be reasonable and subject to the limits set forth in Fourth Amendment jurisprudence. A removal pursuant to an authority, including, but not limited to, as provided in Section 22651, that is based on community caretaking, **is only reasonable if the removal is necessary** to achieve the community caretaking need, such as ensuring the safe flow of traffic or protecting property from theft or vandalism.

> (c) Those law enforcement and other agencies identified in this chapter as having the authority to remove vehicles shall also have the authority to provide hearings in compliance with the provisions of Section 22852. During these hearings **the storing agency shall have the burden of establishing the authority for, and the validity of, the removal**.

---

Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment of Defendant City of Long Beach - 5

(d) This section does not prevent a review or other action as

may be permitted by the laws of this state by a court of competent

jurisdiction.

(Emphasis added.)

The seizures and impounds of property in this case were all without probable cause or other lawful support, because the ordinances on which they were based either did not satisfy constitutional requirements, or else exceeded the limited authority extended to the City by the Vehicle Code with regard to removing vehicles or restricting parking of vehicles. Further, it is alleged that the plaintiffs were not provided their post-impound rights as required, in violation of their rights to procedural due process. The City declined to stipulate to the underlying facts concerning post-impound hearings, and claims in its motion for summary judgment that there no evidence to create an issue as to whether those hearing rights were or were not satisfied. In fact, plaintiff Sami Ammari testified on this subject at length in his deposition in the case, relevant excerpts of which are submitted as an Exhibit to the Declaration of George M. Wallace, filed concurrently with this opposition memorandum.

There is, at a minimum, a triable issue of fact as to the City's compliance with hearing requirements, such that the City is not entitled to a favorable ruling on this issue by summary judgment. Moreover, the City essentially admits, in its argument, that the hearing requirement was not fulfilled: the City apparently asserts an implied right to "dispose of this hearing requirement" and to substitute "the procedural safeguard of sending notices of pending lien sales" to the plaintiffs. How notice of an intent to sell plaintiffs' property is a substitute for a

hearing in which the City must justify taking that property into its possession in the first place is unclear.

### *Conclusion*

As has been discussed fully in the memorandum supporting the plaintiffs' cross-motion for summary judgment, the various ordinances of the City of Long Beach on the basis of which the City has acted to impound plaintiffs' vehicles, and to prosecute plaintiff Sami Ammari, are all constitutionally unsound, adopted in excess of the City's authority under state law, factually inapplicable to any of plaintiffs' vehicles, or, in some cases, all three. Those ordinances have been deployed with special vigor against plaintiffs, and there is substantial cause to believe that these plaintiffs have been singled out particularly for such treatment, as suggested by the correspondence of Deputy City Attorney Sara E. Green. See Stipulation, ¶11.

The City does not demonstrate that the undisputed facts of this case entitle it to judgment in its favor. To the contrary, for all of the reasons set out in the plaintiffs' moving papers, it is that plaintiffs who are entitled to a favorable determination of their rights and remedies in this action.

/ /

/ /

/ /

/ /

/ /

/ /

Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment of Defendant City of Long Beach - 7

The Court should deny the City's motion, and should instead grant summary judgment in the plaintiffs' favor as a matter of law, and declare that plaintiffs are entitled re equitable, declaratory, and monetary relief on all grounds stated in the Complaint.

DATED: December 21, 2020               Respectfully submitted,

                                       WALLACE, BROWN & SCHWARTZ

                                       */s/ George M. Wallace*

                                       by GEORGE M. WALLACE
                                       Attorneys for Plaintiffs

Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment of Defendant City of Long Beach - 8